UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                Plaintiff,

-against-

"JOHN DOE" "LICENSES PLATE #HLD 8446" OF THE OWNERS MAZDA VEHICLE,

                Defendant.

1:23-CV-3562 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Yessuh Suhyes Hussey originally filed the complaint commencing this *pro se* action in the United States District Court for the Eastern District of New York, while he was held in the Anna M. Kross Center on Rikers Island. With his complaint, he filed an application to proceed without prepaying fees or costs, in which he requested to proceed *in forma pauperis* ("IFP") (ECF 2), as well as a prisoner authorization (ECF 3). While this action was pending in the Eastern District of New York, Plaintiff filed a submission informing that court that he was no longer in the custody of the New York City Department of Correction ("DOC"). (ECF 5.) By order dated April 18, 2023, and entered April 26, 2023, the Eastern District of New York transferred this action to this court, reserving to this court whether to grant Plaintiff leave to proceed IFP.[1]  (ECF 6.)

        This court received this action from the Eastern District of New York on April 28, 2023. On that same date, this Court granted Plaintiff IFP status. (ECF 8.) The Court has since learned

---

[1] The order transferring this action confirmed that, when that order was issued, Plaintiff was no longer in DOC custody, having been released on March 2, 2023. (ECF 6, at 1 n.1.)

that on or about May 9, 2023, Plaintiff was returned into DOC custody, and is currently being held in the Eric M. Taylor Center, also on Rikers Island.

A prisoner bringing a federal civil action is required to pay the full $350 filing fee, even when proceeding IFP, that is, without prepayment of fees. *See* 28 U.S.C. § 1915(b)(1).[2] The Court must collect, when funds exist in a prisoner's facility trust fund account, an initial partial filing fee[3] plus monthly payments. The agency having custody of the prisoner shall forward payments from the prisoner's facility trust fund account to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is paid. *See* § 1915(b)(2); *see also* In the Matter of the Prison Litigation Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring agencies to calculate and remit the statutory fees for litigants in their custody).

If a prisoner is released after he files a federal civil action in which he is granted IFP status, once he is released, "'there is no [facility trust fund] account from which to calculate and debit the required [installment] payments,'" as is mandated under the Prison Litigation Reform Act's ("PLRA") amendments to Section 1915. *Harris*, 607 F.3d at 22 (quoting *McGann v. Comm'r*, 96 F.3d 28, 29-30 (2d Cir. 1996)). "Thus, the PLRA's payment scheme cannot be

---

[2] For the purpose of the IFP statute, 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the term "prisoner" refers to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). A litigant is considered to a be a prisoner for the purpose of this statute if he fits that definition at the moment that he files his complaint. *See Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) (quoting *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010)).

[3] The initial partial filing fee is 20 percent of the greater of – (A) the average monthly deposits to the prisoner's facility trust fund account; or (B) the average monthly balance in that account for the 6-month period immediately preceding the filing of the complaint. § 1915(b)(1)(A).

extended beyond the moment of a prisoner's release, . . . [and its] payment regime . . . end[s] once a prisoner [is] released. . . .'" *Id.* (quoting *McGann*, 96 F.3d at 30).

Plaintiff filed this action while he was in DOC custody. Thus, as to this action, he is considered a prisoner for the purpose of Section 1915, as amended by the PLRA. While this action was still pending in the Eastern District of New York, however, Plaintiff was released from DOC custody on March 2, 2023. Yet, this Court has learned that, following the transfer of this action to this court on April 28, 2023, he was returned into DOC custody on or about May 9, 2023.

When this Court granted Plaintiff IFP status for this action on April 28, 2023, Plaintiff had been released from custody; accordingly, the court was unable to collect the filing fee from a facility trust fund account. Because Plaintiff was a prisoner at the time he filed his complaint, and because he has been subsequently returned into DOC custody while this action has been pending, however, his obligation to pay the filing fee, in the manner required by Section 1915, has been, in effect, reinstated by virtue of his reincarceration.

Plaintiff has executed a prisoner authorization that authorizes the DOC, or any agency to which he is transferred, to send a certified copy of his facility trust fund account statement for the past six months to, in the event of the transfer of this action, the transferee court, namely, this court. (ECF 3.) It further authorizes the DOC, or any other relevant agency, to calculate the amounts specified by Section 1915, to deduct those amounts from Plaintiff's facility trust fund account (or institutional equivalent), and to disburse those amounts to the court that has granted Plaintiff IFP status, namely, this court. (*See id.*)

Accordingly, the Court directs the agency that currently has custody of Plaintiff, which is the DOC, to forward a certified copy of his facility trust fund account statement for the past six months to this court, and to disburse the payments required under Section 1915 to this court.

## CONCLUSION

The Court directs the Clerk of Court to send a copy of this order, the Court's April 28, 2023, order granting Plaintiff IFP status (ECF 8), and Plaintiff's prisoner authorization (ECF 3) to the agency having custody of Plaintiff. That agency is directed to forward a certified copy of Plaintiff's facility trust fund account statement for the past six months, and to disburse the payments required under 28 U.S.C. § 1915, to the United States District Court for the Southern District of New York, and to include the above docket number on the disbursement before sending it to the court. If Plaintiff is transferred to another facility, the current facility shall provide a copy of this order to the facility to which Plaintiff is transferred.

Finally, it is Plaintiff's obligation to promptly submit a written notification to this court if his address changes, and the court may dismiss the action if he fails to do so.

SO ORDERED.

Dated:   May 19, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge