UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSUH SUHYES HUSSEY,

                Plaintiff,

      -against-

"JOHN DOE" LICENSES PLATE #HLD 8446"
OF THE OWNERS MAZDA, VEHICLE,

              Defendant.

1:23-CV-3562 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Yessuh Suhyes Hussey, who is currently held in the Eric M. Taylor Center on Rikers Island, filed this *pro se* action under 42 U.S.C. § 1983, and seeks damages.[1] He sues "'John Doe' Licenses Plate #HLD 8446 of the Owners Mazda, Vehicle," and alleges that the defendant is either an actively employed or retired correction officer.

By order dated April 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York while he was held in the Anna M. Kross Center, also on Rikers Island. By order dated April 18, 2023, that court transferred this action to this court. *Hussey v. "John Doe"*, No. 23-CV-1780 (E.D.N.Y. Apr. 18, 2023).

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

2

**BACKGROUND**

Plaintiff alleges the following: On August 29, 2020, in front of the Red Lion Restaurant in New York, New York, the defendant had been drinking and was under the influence of alcohol. The defendant then "randomly attacked" Plaintiff, who was "a passerby in front of the Red Lion Restaurant." (ECF 1, at 4.) The defendant's stated reason for attacking Plaintiff was because of his belief that Plaintiff was "'a moron.'" (*Id.*) The defendant punched Plaintiff in the face "for no logical or apparent reason." (*Id.*) As a result of being punched, Plaintiff fell "flat to the ground." (*Id.*) Plaintiff "looked at [the defendant's identification] after [Plaintiff] got up from the ground . . . and noted that [the defendant] is a correction officer who[se] card was expired [and who] might also be retired."[3] (*Id.*)

**DISCUSSION**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Mere employment by a state or municipality[,] [however,] does not automatically mean that [an official's] actions are taken under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996).

---

[3] Plaintiff has attached to his complaint documents arising from an incident that is not related to the incident alleged in his complaint's statement of claim. For this reason, the Court will not consider those documents.

"[A] defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *West*, 487 U.S. at 49-50. "It is 'axiomatic[,] [however,] . . . that acts of officers in the ambit of their personal pursuits are plainly excluded'" from the definition of state action for Section 1983 purposes. *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994)). "[T]here is no bright line test for distinguishing personal pursuits from activities taken under color of law." *Pitchell*, 13 F.3d at 548 (internal quotation marks omitted). Thus, "[m]ore is required than a simple determination as to whether an officer was on or off duty when the challenged incident occurred. . . . [So] courts look to the nature of the officer's act, not simply his duty status." *Id.* "In determining whether an officer was acting under color of law, [t]he court is to look at the totality of the circumstances surrounding the officer's acts . . . and the relationship of that conduct to the officer's official duties." *Feaster v. City of New York*, No. 18-CV-5021, 2020 WL 2485984, at *4 (S.D.N.Y. Mar. 2, 2020) (internal quotation marks and citation omitted, alteration in original), *aff'd*, No. 20-1122, 2021 WL 4597766 (2d Cir. Oct. 7, 2021) (summary order). Moreover, a retired officer is generally not considered to be a state actor for the purpose of Section 1983 liability. *See, e.g.*, *Llanes v. New York*, No. 18-CV-3537, 2019 WL 4889258, at *6 (E.D.N.Y. Sept. 30, 2019) (retired police officer not a state actor with respect to incidents that occurred when he was retired); *Lore v. City of Syracuse*, 583 F. Supp. 2d 345, 385 (N.D.N.Y. 2008) (same).

Plaintiff does not provide facts sufficient to show that the defendant, whom Plaintiff alleges is either an actively employed or retired correction officer, was acting under color of state law when he allegedly attacked Plaintiff. If the defendant was retired on the date of the alleged incident, then it is clear that he was not acting under color of state law when he attacked Plaintiff and, therefore, Plaintiff does not state a claim under Section 1983. To the extent that Plaintiff

asserts that the defendant was an actively employed correction officer on the date of the alleged

incident, he still does not allege facts sufficient to show that the defendant was acting under color

of state law. He merely alleges that, while the defendant was under the influence of alcohol and

in front of a restaurant in New York, New York (as opposed to in or around a jail or prison), the

defendant punched Plaintiff because of the defendant's stated belief that Plaintiff was "'a

moron.'" Those allegations, by themselves, do not show that the defendant was acting under

color of state law when he attacked Plaintiff.

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 for failure to state

a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(ii). In light of Plaintiff's *pro

se* status, however, the Court grants Plaintiff 60 days' leave to file an amended complaint in

which Plaintiff alleges facts showing how the defendant acted under color of state law when he

allegedly attacked Plaintiff.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be

granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff 60 days' leave to file

an amended complaint, as specified above. If Plaintiff fails to file an amended complaint within

the time allowed, or fails to show cause to excuse such failure, the Court will direct the Clerk of

Court to enter judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 Dated:   July 5, 2023
          New York, New York

/s/ Laura Taylor Swain
————————————————————
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of


_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 2: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 3: _____

First Name              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.